UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| KENDELL PITTS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | 2:23-CV-00043-DCLC-CRW |
| | ) | 2:20-CR-00063-DCLC-CRW |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Petitioner Kendell Pitts' Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Doc. 1; Criminal Docket ("Crim.") Doc. 672]. The United States (the "Government") responded in opposition [Doc. 3] and the deadline for Petitioner to file a reply has passed [*See* Doc. 5]. Thus, this matter is ripe for review. For the reasons stated below, Petitioner's motion [Doc. 1] is **DENIED**.

**I. BACKGROUND**

On August 5, 2020, a grand jury returned an indictment charging Petitioner with one count of conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) and one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) [Crim. Doc. 18]. Although Petitioner initially retained an attorney, he later moved for the appointment of counsel and the Court appointed Jerry Laughlin, Esq. [Crim. Doc. 115]. Thereafter, a grand jury returned a Superseding Indictment, charging Petitioner with the same two counts as those contained in the original Indictment [Crim. Doc. 138]. Approximately ten months after Laughlin's appointment, Petitioner pleaded guilty to

1

Count One of the Superseding Indictment—conspiracy to distribute heroin—and, in exchange, the Government agreed to move to dismiss the remaining count at the time of sentencing [Crim. Docs. 377, 384]. Pursuant to Fed.R.Crim.P. 11(c)(1)(C), the parties stipulated to a 120-month sentence [*Id*. at pg. 5, ¶ 6].

Based on the Agreed Factual Basis contained in the Plea Agreement, the conspiracy began around July 2018 [Crim. Doc. 377, pg. 4, ¶ 4(j)] and Petitioner's involvement lasted through at least July 13, 2020 when law enforcement executed search warrants at his residence and locations used by him for heroin trafficking [*Id*. at ¶¶ 4(f)–(h)]. Prior to obtaining search warrants, law enforcement observed sixteen suspected drug deals involving Petitioner or co-defendant Rodney Jenkins and one suspected deal between Petitioner and co-defendant Kirk Estes [*Id*. at pg. 3, ¶¶ 4(c)–(e)]. During the searches, law enforcement uncovered over nine ounces of heroin and a total of $43,750 in cash [*Id*. at pg. 4, ¶¶ 4(f)–(h)]. Petitioner stipulated the cash was proceeds from the distribution of heroin and he admitted that he was personally responsible for distributing "more than one (1) kilogram of heroin, but less than three (3) kilograms" [*Id*. at ¶¶ 4(i), (j)].

The United States Probation Office prepared a Presentence Investigation Report ("PSR"), which listed a base offense level of 30 based on Petitioner's admission that he distributed at least one but less than three kilograms of heroin [Crim. Doc. 440, ¶ 38]. Other relevant adjustments and the statutorily mandated minimum 10-year sentence yielded a guideline range of 120 to 135 months [*Id*. at ¶ 77]. On March 24, 2022, the Court sentenced Petitioner to the agreed-upon 120-month term of imprisonment [*See* Crim. Docs. 474, 482]. Petitioner now moves to vacate the conviction and sentence [Doc. 1; Crim. Doc. 672], arguing he received ineffective assistance of counsel during plea bargaining and sentencing. The Government opposes Petitioner's motion and asserts he has failed to demonstrate the ineffective assistance of counsel [Doc. 3, pg. 6].

2

## II. LEGAL STANDARD

Under § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A court must vacate a sentence upon a finding "that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack[.]" 28 U.S.C. § 2255(b). To warrant relief for a denial or infringement of a constitutional right, a petitioner must establish an "error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). To warrant relief for a non-constitutional claim, a petitioner must establish that a fundamental defect in the proceeding resulted in a complete miscarriage of justice or an egregious error that deprived him of "the rudimentary demands of fair procedure." *Reed v. Farley*, 512 U.S. 339, 348 (1994); *see Grant v. United States*, 72 F. 3d 503, 505–06 (6th Cir. 1996).

## III. ANALYSIS

Petitioner asserts a single ground for relief under § 2255: ineffective assistance of counsel in violation of the Sixth Amendment [Doc. 1, pg. 4]. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right is the right not merely to representation but to effective representation. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). When a petitioner contests his sentence by claiming ineffective assistance of counsel, he must satisfy the familiar *Strickland* test—a two-pronged test that requires a showing of deficient performance and

3

resultant prejudice. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Specifically, a petitioner must establish that "(1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland*, 466 U.S. at 694).

Under the first *Strickland* prong, there must be evidence that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Hodge v. Haeberlin*, 579 F.3d 627, 639 (6th Cir. 2009) (quoting *Strickland*, 466 U.S. at 687). The petitioner must establish counsel's constitutionally defective performance by a preponderance of the evidence. *Packett v. United States*, 738 F. App'x 348, 352 (6th Cir. 2018) (quoting *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006)). Still, a review of counsel's performance must be highly deferential and requires the courts to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). As to the second "prejudice" prong, "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome." *Griffin*, 330 F.3d at 736 (quoting *Strickland*, 466 U.S. at 694).

Here, Petitioner alleges counsel misinformed him about the nature of the offense of conviction and sentencing exposure during plea bargaining and deprived Petitioner of the opportunity to present mitigating evidence or to dispute findings published in the PSR at the time of sentencing [Doc. 1, pgs. 4, 6]. Petitioner also asserts that prejudice is presumed because he was denied counsel at a critical stage of the prosecution [Doc. 1, pg. 5]. Nonetheless, he goes on to state that counsel's "ignorance and inadvertence resulted in him being sentenced harsher than he was entitled to" [*Id*. at pg. 6].

A. **Presumed Prejudice**

As an initial matter, the Court declines to presume prejudice in this matter. Petitioner argues "no showing of prejudice is necessary if the accuse[d] []is denied counsel at a critical stage of prosecution" [Doc. 1, pg. 5]. "[U]nder certain egregious circumstances . . . a defendant can assert a 'per se' ineffective-assistance claim in which the court will presume prejudice." *Short v. United States*, 471 F.3d 686, 693 (6th Cir. 2006) (citing *Hunt v. Mitchell,* 261 F.3d 575, 582 (6th Cir. 2001)). "Those circumstances include the actual or constructive denial of assistance 'when counsel was either totally absent, or prevented from assisting the accused during a critical stage of the proceeding.'" *Id.* (quoting *United States v. Cronic,* 466 U.S. 648, 659 n. 25 (1984)). However, Petitioner's motion contains no facts that would permit the Court to presume prejudice.

B. **Ineffective Assistance Allegations**

A petitioner who pleads guilty "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and instead would have insisted on going to trial." *Short*, 471 F.3d at 692 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)). "A defendant challenging his attorney's conduct during plea bargaining must show that counsel did not attempt to learn the facts of the case and failed to make a good-faith estimate of a likely sentence. He must also show that his lawyer's deficiency was a decisive factor in his decision to plead guilty." *Id.* (quoting *United States v. Cieslowski*, 410 F.3d 353, 358–59 (7th Cir. 2005)) (internal quotation marks omitted).

Petitioner first argues Laughlin "misinformed [Petitioner] about the nature of the offense of conviction and sentencing exposure" [Doc. 1, pg. 4]. He explains, "Laughlin misinformed [Petitioner] as to what an inchoate offense was . . ." [Doc. 1, pg. 5]. At Petitioner's change of plea hearing on December 15, 2021, [*see* Criminal Case, Doc. 384], the Court advised Petitioner of the

5

elements of the crime of conspiracy to which Petitioner pleaded guilty.[1] Petitioner indicated he understood what he was pleading guilty to, that it was his decision to plead guilty, and that he was pleading guilty because he was in fact guilty. "Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). At the conclusion of the hearing, the Court found that Petitioner was competent to enter a plea of guilty, that he was aware of the nature of the charges and the consequences of his plea as well as the maximum penalties provided by law for the offense, that he knowingly waived his constitutional rights to a trial and offered to plead guilty knowingly and voluntarily. Thus, there is no support for Petitioner's allegation that did not know what an inchoate offense was.

Next, Petitioner argues "Laughlin misinformed [him] as to . . . how relevant conduct of [his] offense applies at sentencing" [Doc. 1, pg. 5]. Petitioner misconstrues what relevant conduct is. Relevant conduct permits the Court to hold a defendant accountable for acts of others in jointly undertaken criminal activity where such conduct is reasonably foreseeable to that defendant. *United States v. Swiney*, 203 F.3d 397, 404 (6th Cir. 2000); *see also* U.S.S.G. § 1B1.3, Application Note 3. "Relevant conduct" did not come into play in Petitioner's case because he agreed to the mandatory minimum statutory sentence pursuant to Rule 11(c)(1)(C). In any event, his base offense level only included that amount that Petitioner had agreed upon in his plea agreement.

Petitioner claims that because he was only caught with 280 grams of heroin in his possession, he should not have been held accountable for more than one kilogram but less than three kilograms of heroin. He contends that his counsel should have required "the prosecutor to establish the scope of the inchoate act of conspiracy to possess controlled substances for illegal

---

[1] The undersigned presided over Petitioner's change of plea hearing. *See Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) ("Where, as here, the judge considering the § 2255 motion also presided over the trial, the judge may rely on her recollections of the trial.").

distribution." [Doc. 1, pg. 5]. His argument is without merit. First, the grand jury returned a superseding indictment charging him with a conspiracy to distribute one kilogram or more of heroin in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). That offense carried with it a mandatory minimum sentence under the statute of ten years. Second, Petitioner agreed in his plea agreement and at his change of plea hearing before the Court that he had conspired from July 2018 through 2020 and that he had distributed more than one kilogram but less than three kilograms of heroin. [Doc. 377, *Plea Agreement*, ¶ 4(j)].

He claims that he entered a Rule 11(c)(1)(C) agreement that "required him to plea guilty to conspiracy, premised on a drug weight attribution that should have never been factored in the sentencing methodology." [Doc. 1, pg. 5]. But again, the weight of drugs attributable to a defendant is not limited to only the actual amount found on his person. Rather, "a coconspirator's testimony 'may be sufficient to determine the amount of drugs for which another coconspirator should be held accountable.'" *United States v. Smith-Kilpatrick*, 942 F.3d 734, 746 (6th Cir. 2019)(quoting *United States v. White*, 563 F.3d 184, 196 (6th Cir. 2009)). Moreover, Petitioner voluntarily entered the plea agreement with the Government and agreed to that specific quantity.

Under U.S.S.G. § 2D1.1 cmt. 5 provides that "the agreed-upon quantity of the controlled substance shall be used to determine the offense level unless the sale is completed and the amount delivered more accurately reflects the scale of the offense." U.S.S.G. § 2D1.1 cmt. 5. Petitioner asserts that but for Laughlin's advice he would not have accepted his plea agreement because he would have "understood that he should not have been sentenced for drug weigh[t]s that were not relevant conduct of the offense of conviction . . ." [Doc. 1, pg. 5]. As noted, Petitioner was sentenced only for the amount he agreed that he had distributed, not relevant conduct that might have involved others.

Petitioner lastly claims "Laughlin's representation spilled over to sentencing, depriving [Petitioner] of the opportunity to present mitigating evidence or to dispute finding[s] published in the PSR" [Doc. 1, pg. 6]. The Court, however, imposed the lowest sentence the law allowed [*See* Crim. Doc. 482, pg. 2 (providing a sentence of 120 months' imprisonment)]; 21 U.S.C. § 841(b)(1)(A) (establishing the mandatory-minimum ten-year sentence). Petitioner cannot show any purported failure to develop mitigating evidence prejudiced him.

## IV. CONCLUSION

For these reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1; Criminal Case Doc. 672] is **DENIED**.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id*.

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. Having examined each of the petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not conclude that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability as to each claim raised.

A separate judgment shall enter.

**SO ORDERED:**

s/ Clifton L. Corker<br>
United States District Court