UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | 2:20-CR-00063-DCLC-CRW |
| v. | ) ) | |
| KENDELL PITTS, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motions to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Docs. 702, 717]. Federal Defender Services has entered an appearance pursuant to SO-23-06.

**I.    BACKGROUND**

On December 15, 2021, Defendant pleaded guilty to one count of conspiracy to distribute one kilogram or more of heroin [Docs. 377, 384]. Based on a total offense level of 29, and a criminal history category of III, Defendant's guideline range was 108 to 135 months [Doc. 440, ¶ 77]. Due to the 10-year mandatory minimum in effect at the time of sentencing, however, Defendant's guideline term of imprisonment was a restricted range of 120 to 135 months. *See* U.S.S.G. § 5G1.1(c)(2). Pursuant to Fed.R.Crim.P. 11(c)(1)(C), Defendant and the United States agreed to a 120-month sentence of imprisonment, [Doc. 377, ¶ 6], and the Court imposed the agreed upon sentence on March 24, 2022 [*See* Docs. 474, 482]. Defendant is currently housed at FCI Edgefield with a projected release date of March 25, 2028. *See* Bureau of Prisons,

1

https://www.bop.gov/inmateloc/ (last visited May 31, 2024). He now seeks a sentence reduction pursuant to Guideline Amendment 821 [Doc. 702].

**II.     ANALYSIS**

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, status points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

Defendant moves for a sentence reduction under the first part of Amendment 821, U.S.S.G. § 4A1.1. At the time of sentencing, Defendant received two status points for committing the offense while under a criminal justice sentence in Sullivan County, Tennessee [Doc. 440, ¶ 56]. If sentenced today, Defendant would receive no status points under U.S.S.G. § 4A1.1, resulting in a total of 3 criminal history points, rather than 5. That would reduce his criminal history category

to II, and with an offense level of 29, would yield an advisory guideline range of 97 to 121 months. *See* U.S.S.G., Ch. 5, Pt. A, Sentencing Table. However, Defendant faced a 10-year statutory mandatory minimum, and his amended guideline range would be 120 to 121 months. *See* U.S.S.G. § 5G1.1(c)(2). The Court cannot sentence Defendant below his amended guideline range of 120 months. *See* U.S.S.G. § 1B1.10(b)(2)(A). As a result, he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).[1]

### III.    CONCLUSION

For the reasons stated herein, Defendant's motions [Docs. 702, 717] are **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

---

[1] Defendant also requests appointment of counsel [Doc. 702, pg. 1]. "[T]here is generally 'no right to counsel in postconviction proceedings.'" *United States v. Augustin*, 16 F.4th 227, 233 (6th Cir. 2021) (quoting *Garza v. Idaho*, ⸺ U.S. ⸺, 139 S. Ct. 738, 749 (2019)). "In exercising discretion as to whether to appoint counsel, a court should consider several factors, including the nature of the case, whether the issues are legally or factually complex, and the litigant's ability to present the claims for relief to the court." *United States v. Woods*, No. 2:03-CR-069, 2020 WL 5805324, at *3 (E.D. Tenn. Sept. 28, 2020) (citing *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)). Here, Defendant is ineligible based on straightforward application of Amendment 821. Counsel would not assist him in presenting his claims.